Finally, Supreme Court properly permitted plaintiffs, under CPLR 3025 (b), to amend the complaint to add Officers Crocitto and Palmerini as defendants with respect to the timely malicious prosecution claims, under both federal and state law, the timeliness of which is not in dispute. Contrary to defendants' contention, these claims are not palpably insufficient or clearly devoid of merit (*see MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499 [1st Dept 2010]). Defendants argue that neither officer could be deemed to have participated in the "initiation" of the criminal proceedings against plaintiffs. However, for purposes of surviving a pleading motion, the complaint sufficiently alleges that the officers "play[ed] an active role in the prosecution" (*Bermudez v City of New York*, 790 F3d 368, 377 [2d Cir 2015] [internal quotation marks omitted]). Concur—Tom, J.P., Mazzarelli, Friedman, Richter and Kahn, JJ.

■ EMELYN BURGOS, Respondent, v MTA BUS COMPANY, Appellants. [40 NYS3d 769]—An appeal having been taken to this Court by the above-named appellants from an order of the Supreme Court, New York County (Arlene P. Bluth, J.), entered September 17, 2013, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, and upon the stipulation of the parties hereto dated February 23, 2015, it is unanimously ordered that said appeal be and the same is hereby withdrawn in accordance with the terms of the aforesaid stipulation. Concur—Tom, J.P., Richter, Manzanet-Daniels and Kapnick, JJ.

■ CONERGICS CORPORATION et al., Appellants-Respondents, v DEARBORN MID-WEST CONVEYOR CO. et al., Respondents-Appellants, et al., Defendant. [43 NYS3d 6]—

Order, Supreme Court, New York County (Lawrence K. Marks, J.), entered June 12, 2015, which denied plaintiffs' motion for summary judgment declaring, upon the fourth cause of action, that they are not obligated to indemnify defendants Dearborn Mid-West Conveyor Co. (Dearborn) and DMW Systems, Inc. (DMW) with respect to a Mexican tax audit of Dearborn for the tax year 2004, and dismissing Dearborn and DMW's counterclaims, and denied Dearborn and DMW's cross motion for summary judgment on their counterclaims for breach of contract for refusing to provide such indemnification and for a declaration that plaintiffs are obligated to provide